**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

MARCOS UBALDO GUILLEN
ACOSTA,

        Defendant - Appellant.

No. 09-1047

(D. Colorado)

(D.C. No. 1:08-CR-00370-WYD-1)

**ORDER AND JUDGMENT**[*]

Before **HENRY,** Chief Circuit Judge, **HARTZ**, and **O'BRIEN**, Circuit Judges.

Marcos Guillen Acosta challenges the district court's rejection of his request for a downward variance from his advisory sentencing range under the United States Sentencing Guidelines (USSG). He argued to the court that his probated sentence for an aggravated felony indicated that his crime was significantly less egregious than the typical aggravated felony. On appeal he

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

argues that his sentence was procedurally unreasonable because the district court refused to consider that a crime's seriousness can be inferred from the sentence imposed. We have jurisdiction under 18 U.S.C. § 3742(a) and affirm.

In October 2002 Mr. Guillen Acosta, a Mexican national, was convicted of sexual assault in a Texas court. The jury sentenced him to two years' confinement but probated the sentence. The judge set the term of probation at four years. He was deported to Mexico shortly thereafter, but in 2008 he returned to the United States. A few months later he was detained by immigration agents. Because his sexual-assault conviction is an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. § 16, Mr. Guillen Acosta was charged in the United States District Court for the District of Colorado with illegal reentry after deportation following conviction for commission of an aggravated felony. *See* 8 U.S.C. §§ 1326(a), (b)(2). He pleaded guilty.

Under the 2008 edition of the Sentencing Guidelines, Mr. Guillen Acosta's base offense level of 8, *see* USSG § 2L1.2(a), was increased by 16 because of his sexual-assault conviction, *see id.* § 2L1.2(b)(1)(A)(ii), and reduced by 3 for his acceptance of responsibility, *see id.* § 3E1.1. Given his criminal-history category of II, his guidelines sentencing range was 41 to 51 months' imprisonment. *See id.* ch. 5, pt. A. Mr. Guillen Acosta requested a variance under 18 U.S.C. § 3553(a), pointing out that the prior conviction had resulted in only a lenient sentence of probation. He contended that the sentencing court could infer from the probation

that his sexual assault was less serious than conduct contemplated by USSG § 2L1.2(b)(1)(A), and thus the 16-level enhancement should be reduced. The government responded that no such inference could be drawn because Mr. Guillen Acosta could have received probation for reasons unrelated to the severity of his offense—for instance, the prospect of postconviction deportation could have motivated the jury to choose probation over imprisonment.

During the sentencing hearing the district court asked whether there was any record from the Texas court explaining why the sentence was probation. Mr. Guillen Acosta's counsel said that no such record existed because the sentence had been recommended by the jury. The district court voiced its concern:

> I don't have accurate information to understand what evidence was presented to the jury, what the jury could have considered. And so for me to draw any inference is really, I think, inappropriate on this record. I just don't have enough information. I can't draw an inference that taking into account the 3553(a) factors, just because a jury sentenced him to 2 years and then ordered that his sentence be served through probation, and the judge then made that period of 4 years, that means that there was something about this that means that this is less serious than if he had gone to jail for 10 years. I just don't know. And so I am unwilling to draw that inference.

R. Vol. 2 at 17–18. The court then denied the variance request and sentenced Mr. Guillen Acosta to 41 months' imprisonment followed by three years' supervised release.

On appeal Mr. Guillen Acosta argues that the district court committed legal error by rejecting the premise that the seriousness of an offense can be inferred from the sentence imposed, and that this error makes his sentence procedurally unreasonable. We discern no error here. Contrary to Mr. Guillen Acosta's contention, the district court did not state that it was prohibited from inferring the seriousness of an offense from the length of the sentence imposed. It simply said that it lacked sufficient information to make the inference desired by Mr. Guillen Acosta in this case. Given the absence of any record explaining the state-court sentence, the district court reasonably declined to draw an inference. We therefore reject Mr. Guillen Acosta's claim.

We AFFIRM Mr. Guillen Acosta's sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge